**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES** | ) | |
| | ) | |
| vs. | ) | Case No. 18 CR 465 |
| | ) | |
| **TIRSO MONTES** | ) | |

**PROPOSED SUPERVISED RELEASE CONDITIONS**

The Court is considering imposing the following terms of supervised release. The parties are to be prepared to advise the Court at the sentencing hearing whether they agree with or object to these proposed terms, and also whether they are proposing other or different supervised release terms.

**Mandatory conditions:**

1. The defendant shall not commit another Federal, State, or local crime.

2. The defendant shall not unlawfully possess a controlled substance.

3. The defendant shall cooperate in the collection of a DNA sample at the direction of the probation officer.

4. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 104 tests in any one year.

**General and administrative conditions and associational restrictions:**

5. The defendant shall not possess a firearm, ammunition, or a dangerous weapon.

6. The defendant shall report to the probation office in the federal judicial district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

7. During the term of supervised release, the defendant shall report to the probation officer in a manner and frequency directed by the probation officer.

8. The defendant shall not knowingly leave the federal judicial district in which the defendant is being supervised without the permission of the court or probation officer. At the outset of the term of supervision, the probation office shall provide the defendant with a map of the judicial district.

9.  The defendant shall permit a probation officer to visit the defendant at any reasonable time at home or any other reasonable location where the probation officer may legitimately enter, by right or consent. The defendant shall permit confiscation of any contraband observed in plain view of the probation officer.

10.  The defendant shall answer truthfully any inquiries by the probation officer, subject to any constitutional or other applicable privilege.

11.  The defendant shall notify the probation officer within 72 hours after becoming aware of any change or planned change in the defendant's employer, workplace, or residence.

12.  The defendant shall notify the probation officer within 72 hours after being arrested, charged with a crime, or questioned by a law enforcement officer.

13.  The defendant shall not knowingly meet, communicate, or otherwise interact with a person whom the defendant knows to be engaged, or planning to be engaged, in criminal activity and shall not knowingly meet, communicate, or otherwise interact with any of the following persons: Tirso Montes, Jorge Rosario, Angelo Quinones, Valerio Gomez, and any other person the defendant knows to be a member of a street gang.

14.  The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the prior permission of the court.

**Conditions related to education and employment:**

15.  If the defendant is not gainfully employed, the defendant shall conscientiously seek lawful employment or pursue a course of study or vocational training that will equip him for employment.

16.  If the defendant is not gainfully employed after the first 60 days of supervision, or for any 60 day period during the term of supervision, the defendant shall perform 10 hours of community service per week at the direction of the probation officer until he is gainfully employed at lawful employment. The total amount of community service shall not exceed 200 hours over the term of supervision.

**Conditions relating to substance use:**

17.  The defendant shall refrain from excessive use of alcoholic beverages, defined as having a blood alcohol concentration greater than 0.08%, and shall refrain from any use of a controlled substance, as defined in section 102 of the Controlled Substances Act, 21 U.S.C. § 802, without a prescription from a licensed medical practitioner.

18.  The defendant shall participate in a substance abuse treatment program. The program shall be approved by the probation officer. The defendant shall abide by the rules and regulations of the program. The program may include testing, up to a

maximum of 104 tests per year, to determine the defendant's compliance with the requirements of the program. The probation officer, in consultation with the treatment provider, shall supervise the defendant's participation in the program (provider, location, duration, intensity, etc.).

Date: August 12, 2019

_____
MATTHEW F. KENNELLY
United States District Judge